IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ERIC ROBERT FRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 24-935-CFC-EGT |
| | ) | |
| DANIELLE BRENNAN et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Eric Robert Fry, an inmate at Howard R. Young Correctional Institution, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 3). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a). For the reasons set forth below, the Court recommends that the Complaint be DISMISSED WITH PREJUDICE.

## I.    BACKGROUND

According to the Complaint, on April 17, 2024, Plaintiff was found guilty after a jury trial. (D.I. 3 at 5). Plaintiff then filed a motion for a judgment of acquittal on April 25, 2024. (*Id.*). In his Complaint dated August 8, 2024, Plaintiff alleges that "114 days" have passed since he filed his motion and that Defendants – Judge Danielle Brennan and Deputy Attorney General James Betts – had neither sentenced him nor ruled on his motion. (*Id.*). Plaintiff seeks any relief available at law. (*Id.* at 8).

## II.    LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (civil actions filed by prisoners seeking redress from governmental entities or government officers and employees). The Court must accept all factual allegations in a complaint as true and view them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of §§ 1915 and 1915A, however, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Ad. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson*

*v. City of Shelby*, 574 U.S. 10, 12 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" entitlement to relief. *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). Determining whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III.    DISCUSSION

### A.    Judicial Immunity

Plaintiff has sued Judge Brennan, the judge before whom Plaintiff's motion was pending. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006). A judge may be deprived of this immunity only if they "acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 357 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)).

Plaintiff does not plead any facts to plausibly suggest that Judge Brennan acted in the clear absence of all jurisdiction. (*See* D.I. 3). And the Court does not believe any such facts exist, particularly given the inherent authority that trial judges possess in managing their own docket. *See Belfint, Lyons & Shuman, P.A. v. Pevar*, 844 A.2d 991 (Del. 2004). That inherent authority includes taking time to resolve motions. Moreover, it appears that Judge Brennan has since issued her post-trial order in Plaintiff's case. *See State of Delaware v. Eric Fry*, ID No.

2212003817 (Del. Super. Aug. 30, 2024) (Brennan, J.) (ORDER).  Judge Brennan is immune from suit and, as such, the Court recommends that the claims against her be dismissed as frivolous pursuant to §§ 1915(e)(2)(B)(i) & (iii) and 1915A(b)(1) & (2).

**B.    Prosecutorial Immunity**

Plaintiff has also sued Deputy Attorney General Betts, a state prosecutor on his case. Prosecutors initiating and pursuing criminal charges within the scope of their duties are immune from liability under § 1983.  *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976).  Prosecutors enjoy this absolute immunity when the prosecutorial activities are "intimately associated with the judicial phase of the criminal process."  *Id.* at 430.

As to Deputy Attorney General Betts, Plaintiff only alleges that "they fail to sentence me or rule on my motion" and that "they do it together."  (D.I. 3 at 5-6)  Plaintiff appears to use "they" to mean Deputy Attorney General Betts along with Judge Brennan.  But any role Deputy Attorney Betts played (or is playing) in representing Delaware in connection with Plaintiff's motion and sentencing is so "intimately associated with the judicial phase of the criminal process" as to afford him absolute immunity from suit.  *Imbler*, 424 U.S. at 430.  Additionally, as explained above, Judge Brennan has already issued her order on Plaintiff's motion, thereby mooting the issue as to the motion.  The Court thus recommends that the claims against Deputy Attorney General Betts be dismissed as frivolous pursuant to §§ 1915(e)(2)(B)(i) & (iii) and 1915A(b)(1) & (2).

Judge Brennan and Deputy Attorney General Betts both enjoy absolute immunity in connection with the alleged conduct here.  Because amendment would be futile, the Court recommends that the dismissal as to both be with prejudice.  *See, e.g.*, *Newton v. City of Wilmington*, 676 F. App'x 106, 108-09 (3d Cir. 2017) (finding that amendment would be futile when Plaintiff filed his first complaint against a judge and prosecutor (among others) for their role in judicial proceedings against him).

IV.    **CONCLUSION**

For the foregoing reasons, the Court recommends that the Complaint (D.I. 3) be DISMISSED WITH PREJUDICE.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b)(1) and District of Delaware Local Rule 72.1.  Any objections to the Report and Recommendation shall be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation.  *See* FED. R. CIV. P. 72(b)(2); *see also* FED. R. CIV. P. 6(d).  Failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the District Court.  *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

Parties are directed to the court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which is available on the court's website, https://www.ded.uscourts.gov.

Dated:  March 31, 2025

_____
UNITED STATES MAGISTRATE JUDGE